UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

Civil Action No. 19-23-HRW

ST. CLAIRE MEDICAL CENTER, INC.
d/b/a ST. CLAIRE MEDICAL REGIONAL
MEDICAL CENTER,                                                                     PLAINTIFF,

v.

TRAVELERS CASUALTY & SURETY
COMPANY OF AMERICA,
WEHR CONSTRUCTORS, INC.,
BENNETT'S CARPETS, INC.,
CENTRAL KENTUCKY GLASS CO.,
CHAMPION WATERPROOFING AND
PIERING, INC.,
CLEVELAND CONSTRUCTION, INC.,
HB MASONRY, LLC
and
TRILITE GLASS & ALUMINUM SOLUTIONS, LLC,            DEFENDANTS,

v.

TRAVELERS CASUALTY & SURETY
COMPANY OF AMERICA
and
WEHR CONSTRUCTORS, INC.,                                          DEFENDANTS and
                                                                                        THIRD-PARTY PLAINTIFFS,

v.

STENGEL -HILL ARCHITECTURE, INC.,            THIRD-PARTY DEFENDANT.

1

## **MEMORANDUM OPINION AND ORDER**

This matter is before the Court upon the following motions:

1) Cleveland Construction Inc.'s Motion to Dismiss [Docket No. 81];

2) Cleveland Construction Inc.'s Motion to Dismiss the Crossclaim of Wehr Contractors, Inc. [Docket No. 98];

3) Trulite Glass & Aluminum Solutions, LLC's Motion to Dismiss [Docket No. 92];

4) HB Masonry LLC's Motion to Dismiss [Docket No. 95]; and

5) Stengel-Hill Architecture, Inc.'s Motion to Dismiss [Docket No. 100].

For the reasons set forth herein, the Court will sustain the motions.

**I.**

This case arises from a construction project at St. Claire Regional Medical Center in Morehead, Kentucky. In 2016, St. Claire Medical Center, Inc. d/b/a St. Claire Regional Medical Center ("SCMC") obtained financing for construction of a three-story, 80,000 square foot addition and connector to its main hospital facility. [Complaint, Docket No. 1, ¶ 8]. The project is referred to as the "Medical Services Pavilion" or "MSP." *Id.*

SCMC entered into a construction agreement ("Agreement") with Wehr Constructors, Inc. ("Wehr") wherein Wehr agreed to act as the general contractor on the project. *Id.* at ¶ 11. Pursuant to the terms of the Agreement, Wehr obtained both payment and performance bonds from Travelers Casualty & Surety Company of America ("Travelers"). *Id.* at ¶¶ 12 and 13.

SCMC alleges that Wehr's performance was deficient and further alleges that it will cost between $8 and $10 million dollars to remedy the defects. *Id.* at ¶ 54. According to the Complaint, SCMC notified Travelers of the same and of its claims pursuant to the bonds. *Id.* at ¶ 68. Travelers denied any liability. *Id.* at ¶ 74.

SCMC seeks a declaration, pursuant to U.S.C. § 2201, that Travelers is obligated to assume the debts and liabilities of Wehr Constructors Inc. per the bonds executed with regard to the Medical Services Pavilion construction.[1]

The issue of whether Wehr is an indispensable party to the lawsuit was briefed and this Court ruled that Wehr was not indispensable but could be joined, permissively to this action. Thereafter, Travelers moved to join Wehr in this lawsuit as a permissive party, as well several subcontractors and others related to the project. The Court sustained those motions.

Wehr filed Crossclaims against two of the subcontractors, Cleveland Construction, Inc. ("CCI") and HB Masonry, LLC, and, along with Travelers, filed a third-party complaint against Stengel-Hill Architecture, Inc.

CCI, HB Masonry, Trulite Glass & Aluminum Solutions, LLC and Stengel-Hill Architecture, Inc. seek dismissal from this action.

## II.

Dismissal of a complaint is warranted under Fed.R.Civ.P. 12(b)(6) if it fails to state a claim upon which relief can be granted. With respect to a motion to dismiss under Fed.R.Civ.P. 12(b)(6), the Sixth Circuit Court of Appeals explained in *Estate of Ezra G. Smith v. United States,* 509 Fed.Appx. 436 (6th Cir. 2012) that:

> The Supreme Court held in *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007) that to survive a motion to dismiss under Rule 12(b)(6) a complaint must contain (1) enough facts to state a claim to relief that

---

[1] SCMC also alleges that Travelers violated Kentucky's Unfair Settlement Practices Act, KRS 304.12-230 as well as the implied duty of contractual good faith and fair dealing. *Id.* at ¶¶ 76 and 79. This Court subsequently ordered that St. Claire's claims for violations of Kentucky Unfair Claims Settlement Practices Act and for bad faith are bifurcated and discovery as to those claims stayed pending resolution of the action for declaratory judgment. [Docket No. 39].

3

>is plausible; (2) more than a formulaic recitation of a cause of actions' elements; and (3) allegations that suggest a right to relief above a speculative level. (internal citation omitted)...A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. (internal citation omitted)...For a complaint to survive a motion to dismiss, the non-conclusory factual content and the reasonable inferences from that content, must be plausibly suggestive of a claim entitling a plaintiff to relief. (internal citation omitted) Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged--but it has not show[n]--that the pleader is entitled to relief.

*Estate of Ezra G. Smith,* 509 Fed.Appx. at 439.

Fed.R.Civ.Proc.12(b)(1) permits dismissal of premature claims to ensure that courts litigate "only existing, substantial controversies, not hypothetical questions or possibilities. "*City Commc'ns, Inc. v. City of Detroit,* 888 F.2d 1081, 1089 (6th Cir.1989)." *See also, Winget v. JP Morgan Chase Bank, N.A.,* 537 F.3d 565, 581–82 (6th Cir.2008).

Whether the issues raised to the court are fit for judicial decision is dependent on whether they are sufficiently focused without further factual development. The Sixth Circuit has explained that "a claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Cooley v. Granholm,* 291 F.3d

880, 883–84 (6th Cir.2002) (quoting *Texas v. United States,* 523 U.S. 296, 118 S.Ct. 1257, 140 L.Ed.2d 406 (1998)).

### III.

This civil action is one to determine the rights and responsibilities of SCMC, Wehr and its surety, Travelers with respect to the bond executed pursuant to the construction Agreement. SCMC alleges Wehr breached the Agreement. Wehr alleges SCMC owes it money. Travels is waiting to see if it is on the hook, so to the speak, in the event Wehr is found to be in breach of the Agreement. Until the issue of whether the Agreement was breached and to what extent, the subcontractors' liability is purely speculative.

CCI, HB Masonry and Trulite correctly point out that neither the original Complaint or the Amended Complaint name them or their fellow subcontractors as parties to this civil action or allege claims against them. They have no dog in this fight.

With regard to the crossclaims made by Wehr against CCI and HB Masonry, they are based upon future and contingent events. Wehr alleges CCI and HB Masonry are liable to Wehr "to the extent SCMC or Travelers or both in this federal action now seek or *will in the future seek* judgment against and an award of compensatory damages from Wehr" which may be directly attributable, in whole or in part, to the alleged substandard workmanship CCI or HB Masonry." [Dockets No. 84 and 107](emphasis added). Wehr's claims against CCI and HB Masonry may or may not materialize, and, as such, are not ripe for adjudication in this case. Given that the liability of CCI and HB Masonry is contingent upon that of Wehr, which has yet to be determined, tethering CCI, HB Masonry, or any of the subcontractors, to this litigation is premature.

As for Stengel-Hill Architecture, Inc., it is not a party to the bond which forms not only the basis of this civil action but the basis for this Court's jurisdiction. Wehr and Travelers' claims against Stengel-Hill are based upon state law and need not be heard by this Court as there is no basis for federal jurisdiction. Moreover, as stated above, these claims are being litigated in state court. Therefore, any argument by Wehr or Travelers that they are being deprived their day is court is without merit.

The first and foremost issue is whether, as SCMC alleges, Wehr was in breach of their Agreement. The other claims may rise or fall subsequent to the resolution of this case. However, those claims are not properly before this Court and are properly awaiting adjudication in state court.

## IV.

Accordingly, **IT IS HEREBY ORDERED:**

1) Cleveland Construction Inc.'s Motion to Dismiss [Docket No. 81] be **SUSTAINED**;

2) Cleveland Construction Inc.'s Motion to Dismiss the Crossclaim of Wehr Contractors, Inc. [Docket No. 98] be **SUSTAINED**;

3) Trulite Glass & Aluminum Solutions, LLC's Motion to Dismiss [Docket No. 92] be **SUSTAINED**;

4) HB Masonry, LLC's Motion to Dismiss [Docket No. 95] be **SUSTAINED**; and

5) Stengel-Hill Architecture, Inc.'s Motion to Dismiss [Docket No. 100] be **SUSTAINED**.

**IT IS FURTHER ORDERED** that all claims herein against Cleveland Construction Inc., Trulite Glass & Aluminum Solutions, LLC, HB Masonry, LLC and Stengel-Hill Architecture, Inc. be **DISMISSED WITHOUT PREJUDICE**.

This 24th day of August 2020.

Signed By:
*Henry R Wilhoit Jr.*
United States District Judge